CRAIG CARPENITO
United States Attorney
NELSON WAGNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone: (202) 307-3369
Fax: (202) 514-6866

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREW CARGULIA<br>14 Burgundy Dr.<br>Holmdel, New Jersey 07733,<br><br>JANET CARGULIA<br>14 Burgundy Dr.<br>Holmdel, New Jersey 07733,<br><br>COLUMBIA BANK,<br>19-01 Route 208 North<br>Fair Lawn, NJ  07410<br><br>*Defendants.* | HON. _____<br><br><br><br>Case No. _____ |

## COMPLAINT FOR FEDERAL TAXES

The United States of America ("United States") brings this action at the request of, and

with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the

Secretary of the Treasury, and at the direction of the Attorney General of the United States, to

collect the unpaid federal tax liabilities of the defendants, Andrew and Janet Cargulia, and to

enforce the corresponding federal tax liens against their real property in Holmdel, New Jersey. In support, the United States alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402(a) and 7403.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1396.

## THE PARTIES

3. The United States is the plaintiff.

4. Defendants Andrew Cargulia and Janet Cargulia (collectively, "the Taxpayers") are husband and wife and reside in Holmdel, New Jersey, within the jurisdiction of this Court.

5. Defendant Columbia Bank is named as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

## THE REAL PROPERTY SUBJECT TO FORECLOSURE

6. The real property subject to foreclosure in this action ("the Subject Property") is located at 14 Burgundy Drive in Holmdel, New Jersey, and is more fully described in the deed attached to this Complaint as Exhibit A, which is incorporated by reference.

7. By deed dated May 9, 1996, the Taxpayers acquired the Subject Property. *See* Ex. A.

8. By separate deeds, both dated August 30, 1996, the Taxpayers transferred their equal undivided half interests in the Subject Property to the Andrew Cargulia Qualified Personal Residence Trust and the Janet Cargulia Qualified Personal Residence Trust (together, the "Nominee Trusts"), in equal shares. *See* Ex. B.

2

9.      By separate deeds, dated February 24 and 25, 2017, the Nominee Trusts transferred title to the Subject Property to the Taxpayers' son, Michael Cargulia.  *See* Ex. C.

10.      By deed dated February 28, 2017, Michael Cargulia transferred title to the Subject Property back to the Taxpayers.  *See* Ex. D.

11.      By deed dated September 9, 2017, the Taxpayers transferred title to the Subject Property solely to Janet Cargulia.  *See* Ex. E.

## COUNT ONE:
### Reduce unpaid federal income tax assessments to judgment.

12.      The United States incorporates paragraphs 1 through 11.

13.      A delegate of the Secretary of the Treasury properly and timely assessed federal income taxes and statutory additions to tax against the Taxpayers as set forth below, based on the Taxpayers' own voluntarily-filed federal income tax returns:

| Type of Tax | Tax Period Ending | Assessment Date | Assessment Amount | Amount Due (as of Feb. 20, 2018) |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2011 | 11/12/2012 | $36,871.00 | $36,233.60 |
| Income (Form 1040) | 12/31/2012 | 06/17/2013 | $21,497.00 | $21,849.63 |
| Income (Form 1040) | 12/31/2013 | 06/02/2014 | $24,657.00 | $12,872.86 |
| **Total:** | | | | **$70,956.09** |

14.      Notices of the assessments described in paragraph 13, along with demands for payment of the assessments, were sent to Janet and Andrew Cargulia.

15.      Despite notice and demand for payment of the assessments, Janet and Andrew Cargulia have failed or refused to pay the full amount due and owing.

3

16.     Due to the Taxpayers' failure or refusal to pay the full amount of the assessments due and owing, penalties and interest have accrued on the assessment amounts listed in paragraph 13, and will continue to accrue according to law until paid in full.

17.     As of February 20, 2018, Janet and Andrew Cargulia are indebted to the United States in the amount of $70,956.09, plus statutory additions to tax that will accrue after that date, as a result of the unpaid assessments listed in paragraph 13.

WHEREFORE, the United States of America requests that the Court:

A.     Enter judgment in favor of the United States and against Janet and Andrew Cargulia in the amount of $70,956.09 as of February 20, 2018, plus statutory additions that will accrue after that date according to law; and

B.     Award any other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

## COUNT TWO:
**Reduce trust fund penalty assessments against Andrew Cargulia to judgment.**

18.     The United States incorporates paragraphs 1 through 17.

19.     A delegate of the Secretary of the Treasury of the United States assessed federal trust fund recovery penalties under 26 U.S.C. § 6672 against Andrew Cargulia, in connection with the unpaid federal employment tax liabilities of Mika-Mike Inc., d/b/a AC Dental ("AC Dental"), on the dates and in the amounts shown below:

| Tax Period Ending | Date of Assessment | Assessment Amount | Amount Due (as of Feb. 20, 2018) |
|---|---|---|---|
| 09/30/2009 | 06/06/2011 | $20,877.10 | $23,315.11 |
| 06/30/2010 | 06/06/2011 | $390.74 | $489.24 |
| 09/30/2012 | 07/18/2016 | $14,210.93 | $12,538.52 |
| 03/31/2014 | 07/18/2016 | $17,441.33 | $18,615.50 |
| 06/30/2014 | 07/18/2016 | $10,506.30 | $11,213.59 |
| **Total** | | | **$66,171.96** |

20.     Andrew Cargulia was a person responsible for collecting, truthfully accounting for, and paying over to the United States the federal employment taxes withheld from the wages of employees of AC Dental at all times relevant to this Complaint.  Andrew Cargulia was a co-owner and the President of AC Dental at all times relevant to this Complaint, had signature authority over the financial accounts of AC Dental, and had and exercised decision-making authority over the finances of AC Dental, including the payment of the federal employment tax liabilities during the taxable periods at issue in this action.

21.     Andrew Cargulia willfully failed to collect, truthfully account for, or pay over to the United States the federal taxes withheld from the wages of employees of AC Dental during the taxable quarters listed in paragraph 19 by causing AC Dental to pay other debts while knowing that federal employment tax liabilities went unpaid.

22.     Notices that Andrew Cargulia would be subject to assessment of the trust fund tax penalties listed in paragraph 19 were sent in accordance with 26 U.S.C. § 6672.  After the assessments were made, notices of the trust fund tax penalty assessments described in paragraph

19, along with demands for payment of the assessments, were properly and timely sent to Andrew Cargulia.

23.     Despite notice and demand for payment of the assessments described in paragraph 19, Andrew Cargulia has failed or refused to pay the full amount due and owing, and there remains due and owing to the United States the sum of $66,171.96 as of February 20, 2018, plus statutory additions accruing after that date according to law.

WHEREFORE, the United States of America respectfully prays:

A.     That the Court render judgment in favor of the United States of America and against Andrew Cargulia in the amount of $66,171.96, plus statutory additions accruing from February 20, 2018 according to law, until paid; and

B.     That the Court award the United States of America such further relief, including the costs of this action, that the Court finds to be just and proper.

## COUNT THREE:
### Reduce trust fund penalty assessments against Janet Cargulia to judgment.

24.     The United States incorporates paragraphs 1 through 23.

25.     A delegate of the Secretary of the Treasury of the United States assessed trust fund recovery penalties against Janet Cargulia under 26 U.S.C. § 6672 in connection with the unpaid federal employment tax liabilities of AC Dental on the dates and in the amounts shown below:

| Tax Period Ending | Date of Assessment | Assessment Amount | Amount Due (as of Feb. 20, 2018) |
|---|---|---|---|
| 09/30/2012 | 07/18/2016 | $14,210.93 | $12,538.52 |
| 03/31/2014 | 07/18/2016 | $17,441.33 | $18,615.50 |
| 06/30/2014 | 07/18/2016 | $10,506.30 | $11,213.59 |
| **Total** | | | **$42,367.61** |

26.     Janet Cargulia was a person responsible for collecting, truthfully accounting for, and paying over to the United States the federal employment taxes withheld from the wages of employees of AC Dental at all times relevant to this Complaint.  Janet Cargulia was a co-owner and the Secretary of AC Dental at all times relevant to this Complaint, and had signature authority over the financial accounts of AC Dental.  On information and belief, Janet Cargulia had and exercised decision-making authority over finances of AC Dental, including the payment of the federal employment tax liabilities during the taxable periods at issue in this action.

27.     Janet Cargulia willfully failed to collect, truthfully account for, or pay over to the United States the federal taxes withheld from the wages of employees of AC Dental during the taxable quarters listed in paragraph 25.  On information and belief, Janet Cargulia caused AC Dental to pay other debts while knowing that federal employment tax liabilities went unpaid.

28.     Notices that Janet Cargulia would be subject to assessment of the trust fund tax penalties listed in paragraph 25 were sent in accordance with 26 U.S.C. § 6672.  After the assessments were made, notices of the trust fund tax penalty assessments described in paragraph 25, along with demands for payment of the assessments, were properly and timely sent to Janet Cargulia.

29.     Despite notice and demand for payment of the assessments described in paragraph 25, Janet Cargulia has failed or refused to pay the full amount due and owing, and there remains due and owing to the United States the sum of $42,367.61 as of February 20, 2018, plus statutory additions accruing after that date according to law.

WHEREFORE, the United States of America respectfully prays:

A.     That the Court render judgment in favor of the United States of America and against Janet Cargulia in the amount of $42,367.61, plus statutory additions accruing from February 20, 2018 according to law, until paid; and

B.     That the Court award the United States of America such further relief, including the costs of this action, that the Court finds to be just and proper.

## COUNT FOUR:
### Foreclose federal tax liens.

30.     The United States incorporates paragraphs 1 through 29.

31.     Where a person fails to pay any federal tax, a federal tax lien arises "upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.  The lien arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.  26 U.S.C. § 6322.  The United States may foreclose its federal tax liens pursuant to 26 U.S.C. § 7403(a), which permits the sale of the property to pay federal tax liabilities.  *See* 26 U.S.C. § 7403(a) and (c) (court in foreclosure action "shall ... adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property.").  The United States' foreclosure right extends to property held by nominees.  *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977).

32.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments described in paragraphs 13, 19, and 25 above, federal tax liens arose in favor of the United States and attached to all of the property and rights to property belonging to the Taxpayers, either then owned or acquired thereafter, including (but not limited to) the Subject Property.

33.     As discussed above in Paragraphs 6 through 11, Janet and Andrew Cargulia acquired the Subject Property by deed dated May 9, 1996, in exchange for $572,000.  *See* Ex. A. They transferred title to the Subject Property to the Nominee Trusts on August 30, 1996 (*see* Ex. B), which transferred title to the Taxpayers' son on February 25, 2017 (*see* Ex. C).  Their son transferred title back to Janet and Andrew Cargulia on February 28, 2017 (*see* Ex. D), who then transferred title to solely Janet Cargulia on September 9, 2017 (*see* Ex. E).

34.     When Janet and Andrew Cargulia re-acquired title to the Subject Property by deed dated February 28, 2017, the federal tax liens arising from the assessments listed in paragraphs 13, 19, and 25 above, attached to the Subject Property.

35.     When the Taxpayers transferred title solely to Janet Cargulia by deed dated September 9, 2017, Andrew Cargulia's interest was conveyed subject to the federal tax liens with respect to Andrew Cargulia's federal tax liabilities.  Janet Cargulia had actual knowledge of such liens, as well as constructive knowledge, by virtue of duly-filed notices of federal tax liens, all of which were filed prior to September 9, 2017.

36.     As a result, the valid and subsisting federal tax liens against Andrew Cargulia continue to attach to his former one-half undivided interest in the Subject Property that was conveyed to his wife, Janet Cargulia.

37.     The United States is entitled to foreclose its tax liens against the Subject Property identified in paragraphs paragraphs 13, 19, and 25 of this complaint; to have the property sold;

and to have the sales proceeds applied to the unpaid balance of the Taxpayers' unpaid federal tax liabilities.

WHEREFORE plaintiff United States of America hereby prays that this Court:

A.  Order, adjudge, and decree that the United States holds valid and subsisting federal tax liens arising from the assessments listed in paragraphs 13, 19, and 25 above that have attached to the Subject Property;

B.  Order that the federal tax liens attached to the Subject Property be foreclosed, and that the Subject Property be sold free and clear of any right, title, lien, claim, or interest of all parties named in this suit, including parties against whom the Clerk has entered default, and pursuant to an order of sale to be submitted to the Court at a later date;

C.  Order that the proceeds of the sale should be distributed as follows:

- First, to the Internal Revenue Service or its representative or agent, to recover the costs of the sale;

- Second, to Columbia Bank, to satisfy any outstanding mortgage lien on the property;

- Third, to the United States, up to the outstanding balance of the federal tax liens that attach to the property, including interest and penalties arising from such liens that have accrued according to statute; and

- Fourth, if funds remain, to the Taxpayers, Janet and Andrew Cargulia.

D.  Grant to plaintiff its costs of prosecuting this action; and

E.  Grant such other and further relief as may be deemed just and proper under the circumstances.

10

Dated: March 5, 2018

CRAIG CARPENITO
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General

By:

/s/ Nelson Wagner
NELSON WAGNER
Trial Attorney, United States
Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel. (202) 616-3369
Fax. (202) 514-6866
nelson.wagner@usdoj.gov

# Deed

```
┌─────────────────────────────────────┐
│   COUNTY OF MONMOUTH                 │
│ CONSIDERATION  572,000               │
│ RTF  2002  addl RTF  633             │
│ DATE 10-18-46 BY DUBN                │
└─────────────────────────────────────┘
```

This Deed is made on   MAY 9, 1996.
BETWEEN

    HOMER H. CHEN AND MEI-HSUN WU CHEN, H/W

whose post office address is   P.O. Box 1608, Thousand Oaks, Ca   91358

referred to as the Grantor,
AND

    ANDREW CARGULIA AND JANET CARGULIA, H/W

whose post office address is   about to be 14 Burgundy Dr., Holmdel, New Jersey   07733

referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**1. Transfer of Ownership.**   The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of   Five Hundred Seventy Two Thousand and No Cents...................(572,000.00)...................
The Grantor acknowledges receipt of this money.

**2. Tax Map Reference.**   (N.J.S.A. 46:15-1.1) Municipality of   Holmdel
Block No.   9.04   Lot No.   17   Account No.
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

**3. Property.**   The Property consists of the land and all the buildings and structures on the land in the   Township   of   Holmdel
County of   Monmouth   and State of New Jersey. The legal description is:
☒ Please see attached Legal Description annexed hereto and made a part hereof (check box if applicable).

BEING the same premises conveyed to the Grantors herein by Deed from Daniel J. Tomasulo and Nancy J. Razza, dated November 4, 1994 and recorded in the Monmouth County Clerk's Office on November 23, 1994 in Deed Book 5365 at Page 0832.

The above premises are conveyed subject to covenants, conditions and restrictions of record, if any; such state of facts as an accurate survey and inspection of the premises will disclose, the operation and effect of any zoning laws, building restrictions imposed by public authority and easements and public utility grants of record.

Prepared by: (print signer's name below signature)

    CLIFFORD FISHMAN, ESQ.

(For Recorder's Use Only)

**DB5509-0487**

108 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language

Printed on 100%
Recycled and Recyclable Paper
A D G R V S T - 1

©1995 by ALL-STATE Legal, a Division of
ALL-STATE® International, Inc.
(908) 272-0800                    Page 1

DB 5509. 487

SCHEDULE "A"

ALL that certain tract, lot and parcel of land lying and being in the Township of Holmdel, County of Monmouth and State of New Jersey, being more particularly described as follows:

BEING known and designated as Lot 17 in Block 9.04 as shown on a certain map entitled "The Vineyard at Holmdel, Section 1", filed in the Monmouth County Clerk's Office on November 23, 1988 in Case No. 228-35.

BEGINNING at a point on the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running; thence

1.   North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence

2.   North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence

3.   South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the Northerly sideline of Burgundy Drive; thence

4.   along same on a curve to the left having a radius of 625.0 feet and an arc distance of 83.51 feet to a point; thence

5.   continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

ALSO known as Lot 17 in Block 9.04 on the Township of Holmdel Tax Map.

DB5509-0488

394365

RECORDED
JUN 18 1996  7:46 AM
MONMOUTH COUNTY CLERK
JANE G. CLAYTON

The street address of the Property is:     14 Burgundy Drive, Holmdel, NJ    07733

4.  Promises by Grantor.     The Grantor promises that the Grantor has done no act to encumber the Property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

5.  Signatures.     The Grantor signs this Deed as of the date at the top of the first page.  (Print name below each signature).

Witnessed By:

_____          _____ (Seal)
                                          HOMER H. CHEN

_____          _____ (Seal)
CLIFFORD FISHMAN, ESQ.                    MEI-HSUN WU CHEN

STATE OF NEW JERSEY, COUNTY OF    MONMOUTH                    SS.:
I CERTIFY that on    MAY 9, 1996
      HOMER H. CHEN AND MEI-HSUN WU CHEN

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of this Deed;
(b) executed this Deed as his or her own act; and,

(c) made this Deed for $ 572,000.00                    as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

RECORD AND RETURN TO:
      ANDREW M. NEWMAN
      4400 ROUTE 9 SOUTH
      FREEHOLD, N.J. 07728
                    File #2042A

PdRJ9 2635          CHy23
                    #655

_____
(Print name and title below signature)
CLIFFORD FISHMAN, AN ATTY AT LAW OF
THE STATE OF N.J.

END OF DOCUMENT

102 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language

©1996 by ALL-STATE Legal, a Division of
ALL-STATE® International, Inc.
(908) 272-0800                    Page 2

DB5509-0489

083433

COUNTY OF MONMOUTH
CONSIDERATION
RTF *exempt* add'l RTF
DATE *8-5-97* BY *MM*

# DEED

Prepared by:

*Joseph A. Lambariello*
Joseph A. Lambariello, Esq.

This Deed is made on August 30  , 1996,

**BETWEEN**    Andrew Cargulia and his wife, Janet Cargulia,

whose address is 14 Burgundy Drive, Holmdel, New Jersey  referred to as the Grantor,

**AND**      the Andrew Cargulia Qualified Personal Residence Trust

whose address is 14 Burgundy Drive, Holmdel, New Jersey referred to as the Grantee. The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers a fifty (50%) percent ownership of) the property described below to Grantee. This transfer is made for the sum of one ($1) dollar. The Grantor acknowledges receipt of one ($1) dollar.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Municipality of Holmdel

Block  9.04    Lot No.  17     Account No.

☐    No property tax identification number is available on the date of this deed.
(Check box if applicable)

**Property.** The property consists of the land and all buildings and structures on the land in the Township of Holmdel, County of Monmouth and State of New Jersey. The legal description is:

**\*\*SEE ATTACHED LEGAL DESCRIPTION\*\***

BEING the same premises conveyed to the grantors herein by deed of Homer H. Chen and Mei Hsun Wu Chen, husband and wife, by deed dated May 9, 1996, and recorded June 18, 1996 in the Monmouth County Recorder's office at Deed Book 5509 age 489.

BEING the same premises conveyed to the Homer H. Chen and Mei Hsun Wu Chen, husband and wife by deed of Daniel J. Tomasulo and Nancy J. Razza, by deed dated November 4, 1994, and recorded November 23, 1994 in the Monmouth County Recorder's office at Deed Book 5365 age 832.

The above premises are conveyed subject to covenants conditions, and restrictions of record, if any; such state of facts as an accurate survey and inspection of the premises will disclose, the operation and effect of any zoning laws, building restrictions imposed by public authority and easements and public utility grants of record.

DB 5898·24N
L 5591

SCHEDULE "A"

ALL that certain tract, lot and parcel of land lying and being in the Township of Holmdel, County of Monmouth and State of New Jersey, being more particularly described as follows:

BEING known and designated as lot 17 in Block 9.04 as shown on a certain map entitled "The Vineyard at Holmdel, Section 1", filed in the Monmouth County Clerk's Office on November 23, 1988 in Case No. 228-35.

BEGINNING at a point on the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running thence

    1.   North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence

    2.   North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence

    3.   South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the northerly sideline of Burgundy Drive; thence

    4.   Along same on a curve to the left having a radius of 625.0 feet and an arc distance of 83.51 feet to a point; thence

    5.   Continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

    Also known as Lot 17 in Block 9.04 on the Township of Holmdel Tax map.

RTF-1 (Rev. 1/1/86)

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(c. 49, P.L. 1968)
**or**
**PARTIAL EXEMPTION**
(c. 176, P. L. 1975)
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

A Division of Allstate International, Inc.
900-222-0610 in NJ 908-272-0800

DGRVS - 2 *

| STATE OF NEW JERSEY | } ss. | FOR RECORDER'S USE ONLY |
|---|---|---|
| COUNTY OF _Monmouth_ | | Consideration $ _____ |
| | | Realty Transfer Fee $ _exempt_ |
| | | Date _____ By _____ |

*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side)

Deponent, _Andrew Cargulia_ , being duly sworn according to law upon his/her oath deposes and
(Name)

says that he/she is the _Grantor_
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co. Lending Institution, etc.)

in a deed dated _8/30/96_ , transferring real property identified as Block No. _9.04_

Lot No. _17_ located at _14 Burgundy Drive, Holmdel, NJ_
(Street Address, Municipality, County)
_____ and annexed hereto.

**(2) CONSIDERATION** (See Instruction #6)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ _1.00_

**(3) FULL EXEMPTION FROM FEE** Deponent claims this deed transaction is fully exempt from the Realty Transfer Fee imposed by
c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

_Transfer for no consideration_

**(4) PARTIAL EXEMPTION FROM FEE** *NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9)*

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c.176, P.L. 1975 for the following reason(s):

a) **SENIOR CITIZEN** (See Instruction #8)
☐ Grantor(s) 62 yrs. of age or over.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

b) **BLIND** (See Instruction #8)
☐ Grantor(s) legally blind.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED** (See Instruction #8)
☐ Grantor(s) permanently and totally disabled.*
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
☐ No joint owners other than spouse or other qualified exempt owners.

*IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

c) **LOW AND MODERATE INCOME HOUSING** (See Instruction #8)
☐ Affordable According to H.U.D. Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

d) **NEW CONSTRUCTION** (See Instruction #9)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and Sworn to before me
this _30th_
day of August , 19 _96_

_Andrew Cargulia_
Signature of Deponent (sign above line)
_14 Burgundy Drive_
_Holmdel, NJ_
Address of Deponent

_Andrew Cargulia_
Name of Grantor (type above line)
_14 Burgundy Drive_
_Holmdel, NJ_
Address of Grantor at Time of Sale

A Notary Public of New Jersey
My Commission Expires Expires 7/30/1998

| FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds. |
|---|
| Instrument Number _____ County _____ |
| Deed Number _____ Book _____ Page _____ |
| Deed Dated _____ Date Recorded _____ |

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.**
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.
ORIGINAL — White copy to be retained by County.
DUPLICATE — Yellow copy to be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16—8.12).
TRIPLICATE — Pink copy is your file copy.

WHITE AND YELLOW COPIES MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

By execution of this deed, the grantors herein intend to convey a fifty (50%) percent interest in the real property to the Grantee.

**Promise by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to the grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs the Deed as of the date at the top of the first page.

Witnessed by:

_Barbara A. Sanzguleano_

_Barbara A. Sanzguleano_

_Andrew Cargulia_ (Seal)
Andrew Cargulia

_Janet Cargulia_ (Seal)
Janet Cargulia

**STATE OF New Jersey, COUNTY OF Monmouth**

SS.:

    **I CERTIFY** that on August 30, 1996, Andrew Cargulia and his wife, Janet Cargulia, personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)     is named in and personally signed this Deed;

(b)     signed, sealed and delivered this Deed as his or her act and deed.

(c)     made this Deed for one ($1) dollar as full and actual consideration paid or to be paid for the transfer of title. (such consideration is defined in N.J.S.A. 46:15-5.)

_Joseph A. Lambariello_

Joseph A. Lambariello, Esq.
Attorney at Law
State of New Jersey

Dated: August 30   , 1996

# DEED

Andrew Cargulia
and his wife, Janet Cargulia

**Grantor**

**TO**

the Andrew Cargulia Qualified
Personal Residence Trust
**Grantee**

Record and return to:

Joseph A. Lambariello, Esq.
12 New Providence Road
Watchung, New Jersey 07060

```
CLERK'S OFFICE
MONMOUTH COUNTY
   NEW JERSEY

INSTRUMENT NUMBER
 1997050462
   RECORDED ON
May 05, 1997
  11:59:01 AM
   BOOK:DB-5598 PG:244
   Total Pages: 5
```

| | |
|---|---|
| COUNTY RECORDING FEES | $24.00 |
| DEDICATED TRUST FUND COMMISSION | $2.00 |
| TOTAL | $26.00 |

083434

COUNTY OF MONMOUTH
CONSIDERATION
RTF _exempt_ add'l RTF
DATE 5 5 97 BY _____

5.

# DEED

Prepared by:



Joseph A. Lambariello, Esq.

This Deed is made on August 30 , 1996,

     **BETWEEN**    Andrew Cargulia and his wife, Janet Cargulia,

whose address is 14 Burgundy Drive, Holmdel, New Jersey  referred to as the Grantor,

     **AND**      the Janet Cargulia Qualified Personal Residence Trust

whose address is 14 Burgundy Drive, Holmdel, New Jersey referred to as the Grantee.  The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

     **Transfer of Ownership.**  The Grantor grants and conveys (transfers a fifty (50%) percent ownership of) the property described below to Grantee.  This transfer is made for the sum of one ($1) dollar.  The Grantor acknowledges receipt of one ($1) dollar.

     **Tax Map Reference.**  (N.J.S.A. 46:15-2.1) Municipality of Holmdel

Block  9.04    Lot No.  17    Account No.

☐    No property tax identification number is available on the date of this deed.

(Check box if applicable)

     **Property.**  The property consists of the land and all buildings and structures on the land in the Township of Holmdel, County of Monmouth and State of New Jersey.  The legal description is:

**\*\*SEE ATTACHED LEGAL DESCRIPTION\*\***

BEING the same premises conveyed to the grantors herein by deed of Homer H. Chen and Mei Hsun Wu Chen, husband and wife, by deed dated May 9, 1996, and recorded June 18, 1996 in the Monmouth County Recorder's office at Deed Book 5509 age 489.

BEING the same premises conveyed to the Homer H. Chen and Mei Hsun Wu Chen, husband and wife by deed of Daniel J. Tomasulo and Nancy J. Razza, by deed dated November 4, 1994, and recorded November 23, 1994 in the Monmouth County Recorder's office at Deed Book 5365 age 832.

The above premises are conveyed subject to covenants conditions, and restrictions of record, if any; such state of facts as an accurate survey and inspection of the premises will disclose, the operation and effect of any zoning laws, building restrictions imposed by public authority and easements and public utility grants of record.

DB 5597 249
5597

SCHEDULE "A"

ALL that certain tract, lot and parcel of land lying and being in the Township of Holmdel, County of Monmouth and State of New Jersey, being more particularly described as follows:

BEING known and designated as lot 17 in Block 9.04 as shown on a certain map entitled "The Vineyard at Holmdel, Section 1", filed in the Monmouth County Clerk's Office on November 23, 1988 in Case No. 228-35.

BEGINNING at a point on the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running thence

    1.   North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence

    2.   North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence

    3.   South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the northerly sideline of Burgundy Drive; thence

    4.   Along same on a curve to the left having a radius of 625.0 feet and an arc distance of 83.51 feet to a point; thence

    5.   Continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

    Also known as Lot 17 in Block 9.04 on the Township of Holmdel Tax map.

RTF-1 (Rev. 1/1/86)

STATE OF NEW JERSEY

A Division of All-state International, Inc.
800-222-0610 In NJ 908-272-0800

**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(c. 49, P.L. 1968)
or
**PARTIAL EXEMPTION**
(c. 176, P. L. 1975)
To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

D G R V S   - 2

| STATE OF NEW JERSEY | } ss. | FOR RECORDER'S USE ONLY |
|---|---|---|
| COUNTY OF _Monmouth_ | | Consideration $ _____ |
| | | Realty Transfer Fee $ _Exempt_ |
| | | Date _8-5-97_ By ____ |

*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side)

Deponent, _Janet Cargulia_ _____, being duly sworn according to law upon his/her oath deposes and
(Name)

says that he/she is the _Grantor_ _____
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co. Lending Institution, etc.)

in a deed dated _8/30/96_ _____, transferring real property identified as Block No. _9.04_ _____

Lot No. _77_ _____ located at _14 Burgundy Drive, Holmdel, New Jersey_
(Street Address, Municipality, County)

_____ and annexed hereto.

**(2) CONSIDERATION** (See Instruction #6)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ _1.00_

**(3) FULL EXEMPTION FROM FEE**     Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

_Transfer for no consideration_

**(4) PARTIAL EXEMPTION FROM FEE**     NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9)
Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c.176, P.L. 1975 for the following reason(s):

a) **SENIOR CITIZEN** (See Instruction #8)
☐ Grantor(s) 62 yrs. of age or over.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

b) **BLIND** (See Instruction #8)
☐ Grantor(s) legally blind.*
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED** (See Instruction #8)
☐ Grantor(s) permanently and totally disabled.*
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
☐ No joint owners other than spouse or other qualified exempt owners.

*IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

c) **LOW AND MODERATE INCOME HOUSING** (See Instruction #8)
☐ Affordable According to H.U.D. Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

d) **NEW CONSTRUCTION** (See Instruction #9)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and Sworn to before me
this _30th_
day of _August_ 19 _96_

_Janet Cargulia_
Name of Deponent (sign above line)
_14 Burgundy Drive_
_Holmdel, NJ_
Address of Deponent

_Janet Cargulia_
Name of Grantor (print above line)
_14 Burgundy Drive_
_Holmdel, NJ_
Address of Grantor at Time of Sale

CRISTINA R. GRIFFITH
A Notary Public of New Jersey
My Commission Expires _____, 30/1998

| FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds. |
|---|
| Instrument Number _____ County _____ |
| Deed Number _____ Book _____ Page _____ |
| Deed Dated _____ Date Recorded _____ |

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.**
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.
**ORIGINAL** — White copy to be retained by County.
**DUPLICATE** — Yellow copy to be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16—8.12).
**TRIPLICATE** — Pink copy is your file copy.

*(right margin, vertical text):* WHITE AND YELLOW COPIES MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

By execution of this deed, the grantors herein intend to convey a fifty (50%) percent interest in the real property to the Grantee.

**Promise by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to the grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs the Deed as of the date at the top of the first page.

Witnessed by:

_(signature)_                          _(signature)_ (Seal)
                                        Andrew Cargulia

_(signature)_                          _(signature)_ (Seal)
                                        Janet Cargulia

**STATE OF New Jersey, COUNTY OF Monmouth**

**SS.:**

I CERTIFY that on August 30, 1996, Andrew Cargulia and his wife, Janet Cargulia, personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

    (a)    is named in and personally signed this Deed;

    (b)    signed, sealed and delivered this Deed as his or her act and deed.

    (c)    made this Deed for one ($1) dollar as full and actual consideration paid or to be paid for the transfer of title. (such consideration is defined in N.J.S.A. 46:15-5.)

_(signature)_
Joseph A. Lambariello, Esq.
Attorney at Law
State of New Jersey

# DEED

Andrew Cargulia
and his wife, Janet Cargulia

**Grantor**

**TO**

the Janet Cargulia Qualified
Personal Residence Trust
**Grantee**

Dated: August 30     , 1996

Record and return to:

Joseph A. Lambariello, Esq.
12 New Providence Road
Watchung, New Jersey 07060

```
    CLERK'S OFFICE
   MONMOUTH COUNTY
      NEW JERSEY

   INSTRUMENT NUMBER
    1997050463
     RECORDED ON
  May 05, 1997
  11:59:02 AM
   BOOK:DB-5598 PG:249
    Total Pages: 5
```

| | |
|---|---|
| COUNTY RECORDING FEES | $24.00 |
| DEDICATED TRUST FUND COMMISSION | $2.00 |
| TOTAL | $26.00 |

# Monmouth County Document Summary Sheet

| | |
|---|---|
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | **Return Name and Address**<br>Frank J. Crupi, Esq.<br>Tucci Hot & Crupi, PC<br>464 Broadway P.O. Box 4065<br>Long Branch, NJ 07740 |

**401H0F**

**Official Use Only**

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2017063708
RECORDED ON
Jul 06, 2017
2:46:06 PM
BOOK:OR-9234
PAGE:640
Total Pages: 10

COUNTY RECORDING    $130.00
FEES
TOTAL PAID        $130.00

| | |
|---|---|
| Submitting Company | Tucci Hot & Crupi, PC |
| Document Type | Deed |

| | |
|---|---|
| Document Date (mm/dd/yyyy) | 02/25/2017 |
| No. of Pages of the Original Signed Document (Including the cover sheet) | 10 |
| Consideration Amount (If applicable) | $10.00 |

JUN 2 6 2017 H          **EXEMPT**          10

| | Name(s) (Last Name First Name Middle Initial Suffix) (or Company Name as written) | Address (Optional) |
|---|---|---|
| **First Party** (Grantor or Mortgagor or Assignor) (Enter up to five names) | Chrzanowski, Constance & Cargulia, Andrew | |
| **Second Party** (Grantee or Mortgagee or Assignee) (Enter up to five names) | Cargulia, Michael A. | |

| **Parcel Information** (Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Holmdel | 9.04 | 17 | | 14 Burgundy Drive |

| **Reference Information** (Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|

***DO NOT REMOVE THIS PAGE.**
DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF MONMOUTH COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

DBa 9234-640
2.6.17

MAY 1 2 2017  H       EXEMPT

Prepared By:

*[signature]*

FRANK J. CRUPI, ESQUIRE

# D E E D

This Deed, made this 25 day of February, 2017,

**BETWEEN CONSTANCE CHRZANOWSKI and ANDREW CARGULIA,**
**Trustees of the JANET CARGULIA QUALIFIED PERSONAL RESIDENCE**
**TRUST,** having an address at 14 Burgundy Drive, Holmdel, New Jersey 07733,
hereinafter referred to as the **"Grantor,"**

**AND**

**MICHAEL A. CARGULIA,** single, about to have an address at 14
Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the
**"Grantee."**

The words "Grantor" and "Grantee" shall mean all Grantors and all
Grantees listed above.

**Transfer of Ownership.**  The Grantor grants and conveys (transfers
ownership of) the property (called the "Property") described below to the
Grantee. This transfer is made for the sum of

### TEN DOLLARS AND NO CENTS
### ($10.00)

and other good and valuable consideration.  The Grantor hereby acknowledges
receipt of this money.

**Tax Map Reference.**  (N.J.S.A. 46:15-1.1)  Tax Lot 17, Tax Block 9.04, on
the official Tax Map of the Township of Holmdel, County of Monmouth, State of
New Jersey.

Commonly known as 14 Burgundy Drive, Holmdel, New Jersey 07733.

**Property.**  The Property consists of the land and all the buildings and
structures on the land in the **Township of Holmdel**, of the **County of
Monmouth** and **State of New Jersey,** being more particularly described as
follows in Schedule "A" annexed hereto and made a part hereof.

**BEING** the same premises conveyed to Grantors herein by Deed dated
August 30, 1996, recorded on May 5, 1997 in the Monmouth County Clerk's
Office in Book DB-5598, Page 249.

**THIS** conveyance is made subject to municipal zoning ordinances,
restrictions and easements of record, if any, and to such other state of facts as
an accurate survey may disclose.

## SCHEDULE A DESCRIPTION

ALL that certain tract, lot, or parcel of land, lying and being in the Township of Holmdel, County of Monmouth, State of New Jersey, being more particularly described as follows:

BEING known and designated as Lot 17 Block 9.04 as shown on a certain map entitled, "The Vineyard at Holmdel, Section 1" filed in the Monmouth County Clerk's Office on November 23, 1988 as Case No.: 228-35.

BEGINNING at a point in the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running; thence,

(1) North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence,

(2) North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence,

(3) South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the northerly sideline of Burgundy Drive; thence,

(4) Along same on a curve to the left having a radius of 620.00 feet and an arc distance of 83.51 feet to a point; thence,

(5) Continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

ALSO known as Lot 17 in Block 9.04 on the Township of Holmdel Tax Map.

GIT/REP-3
(6-10)

State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (See Instructions, Page 2)**

Name(s)
Constance Chrzanowski Trustee of the Janet Cargulia Qualified Personal Residence Trust

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:
14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 50% | $10.00 | |

**SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to Residents and Non-residents)**

1. [X] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).
[ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

5/30/17
Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Station: View27 - 02/22/2018  4:03:12 PM       MONMOUTH COUNTY       Inst.# 2017063708 - Page 4 of 10

GIT/REP-3
(6-10)



State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

Andrew Cargulia Trustee of the Janet Cargulia Qualified Personal Residence Trust

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:

14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 50% | $10.00 | |

## SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 8 apply to Residents and Non-residents)

1. [X] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

[ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

6/20/2017
Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY

| | FOR RECORDER'S USE ONLY |
|---|---|
| COUNTY    Monmouth     }SS. County Municipal Code  1320 | Consideration    $_____<br>RTF paid by seller  $_____<br>Date _____  By _____ |

MUNICIPALITY OF PROPERTY LOCATION  Holmdel

*Use symbol "C" to indicate that fee is exclusively for county use.

(1) <u>PARTY OR LEGAL REPRESENTATIVE</u> *(Instructions #3 and #4 on reverse side)*

Deponent,  Constance Chrzanowski, Trustee    , being  duly  sworn  according  to  law  upon  his/her  oath,
                    (Name)
deposes and says that he/she is the Grantor _____ in a deed dated  February 25, 2017 ____ transferring
            (Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  9.04 _____ Lot number  17 _____ located at

14 Burgundy Drive, Holmdel _____ and    annexed    thereto.
                              (Street Address, Town)

(2) <u>CONSIDERATION</u> $_____10.00_____ *(Instructions #1 and #5 on reverse side)* ☒ no prior mortgage to which property is subject.

(3) Property transferred is Class 4A    4B    4C  (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

(3A) **REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
*(Instructions #5A and #7 on reverse side)*
**Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

$_____  +  _____% = $_____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in
excess of 100%, the assessed value will be equal to the equalized valuation.

(4) <u>FULL EXEMPTION FROM FEE</u> *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
 For consideration of less than $100.00

(5) <u>PARTIAL EXEMPTION FROM FEE</u> *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) *only*. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and
General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.    **SENIOR CITIZEN**      Grantor(s) ☐ 62 years of age or over.* *(Instruction #9 on reverse side for A or B)*
B.  { **BLIND PERSON**       Grantor(s) ☐ legally blind or; *
     **DISABLED PERSON** Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

   Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
   ☐ Owned and occupied by grantor(s) at time of sale.       ☐ Resident of State of New Jersey.
   ☐ One or two-family residential premises.                  ☐ Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.    **LOW AND MODERATE INCOME HOUSING** *(Instruction #9 on reverse side)*
   ☐ Affordable according to H.U.D. standards.       ☐ Reserved for occupancy.
   ☐ Meets income requirements of region.            ☐ Subject to resale controls.

(6) <u>NEW CONSTRUCTION</u> *(Instructions #2, #10, #12 on reverse side)*
   ☐ Entirely new improvement.                ☐ Not previously occupied.
   ☐ Not previously used for any purpose.  ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

(7) <u>RELATED LEGAL ENTITIES TO LEGAL ENTITIES</u> *(Instructions #5, #12, #14 on reverse side)*
   ☐ No prior mortgage assumed or to which property is subject at time of sale.
   ☐ No contributions to capital by either grantor or grantee legal entity.
   ☐ No stock or money exchanged by or between grantor or grantee legal entities.

(8) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me                _____        Janet Carguila QPRT
this 30th day of  MAY  , 20 17                        Signature of Deponent                        Grantor Name

_Diane Micewicz_                        14 Burgundy Drive, Holmdel, NJ        14 Burgundy Drive, Holmdel, NJ
 DIANE MICEWICZ                              Deponent Address                        Grantor Address at Time of Sale
NOTARY PUBLIC OF NEW JERSEY        xxx-xxx-  893
 ID # 50009031                     Last three digits in Grantor's Social Security Number   Name/Company of Settlement Officer
My Commission Expires 2/2/2020

| FOR OFFICIAL USE ONLY |
|---|
| Instrument Number _____ County _____<br>Deed Number _____ Book _____ Page _____<br>Deed Dated _____ Date Recorded _____ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:        **STATE OF NEW JERSEY**
                                                                        **PO BOX 251**
                                                                   **TRENTON, NJ 08695-0251**
                                                            **ATTENTION: REALTY TRANSFER FEE UNIT**
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or
amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
**www.state.nj.us/treasury/taxation/lpt/localtax.shtml.**

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

| | | FOR RECORDER'S USE ONLY |
|---|---|---|
| | SS. County Municipal Code | Consideration $ |
| COUNTY Monmouth | 13 2 0 | RTF paid by seller $ |
| | | Date By |

MUNICIPALITY OF PROPERTY LOCATION Holmdel          *Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** *(Instructions #3 and #4 on reverse side)*

Deponent, __Andrew Cargulia, Trustee__, being duly sworn according to law upon his/her oath,
                         (Name)

deposes and says that he/she is the __Grantor__ in a deed dated __February 25, 2017__ transferring
            (Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number __9.04__ Lot number __17__ located at

__14 Burgundy Drive, Holmdel__ and annexed thereto.
            (Street Address, Town)

**(2) CONSIDERATION** $__10.00__ *(Instructions #1 and #5 on reverse side)* ☒ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A    4B    4C  (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
*(Instructions #5A and #7 on reverse side)*
        **Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

$_____ + _____ % = $_____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
 For consideration of less than $100.00

**(5) PARTIAL EXEMPTION FROM FEE** *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and
General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.  **SENIOR CITIZEN** Grantor(s) ☐ 62 years of age or over.*(Instruction #9 on reverse side for A or B)
B. { **BLIND PERSON** Grantor(s) ☐ legally blind or; *
     **DISABLED PERSON** Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
☐ Owned and occupied by grantor(s) at time of sale.   ☐ Resident of State of New Jersey.
☐ One or two-family residential premises.            ☐ Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.   **LOW AND MODERATE INCOME HOUSING** *(Instruction #9 on reverse side)*
     ☐ Affordable according to H.U.D. standards.    ☐ Reserved for occupancy.
     ☐ Meets income requirements of region.         ☐ Subject to resale controls.

**(6) NEW CONSTRUCTION** *(Instructions #2, #10, #12 on reverse side)*
     ☐ Entirely new improvement.            ☐ Not previously occupied.
     ☐ Not previously used for any purpose.   ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** *(Instructions #5, #12, #14 on reverse side)*
     ☐ No prior mortgage assumed or to which property is subject at time of sale.
     ☐ No contributions to capital by either grantor or grantee legal entity.
     ☐ No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me          X _Andrew Cargulia_         _Janet Cargulia QPRT_
this  25  day of  May  , 20 17              Signature of Deponent          Grantor Name

_Deana Myers_                              _14 Burgundy Drive, Holmdel, NJ_     _14 Burgundy Drive, Holmdel, NJ_
                                            Deponent Address                Grantor Address at Time of Sale

| DEANA MYERS | xxx-xxx- .001 | |
| Notary Public | Last three digits in Grantor's Social Security Number | Name/Company of Settlement Officer |
| State of New Jersey | | |
| My Commission Expires Aug. 13, 2020 | FOR OFFICIAL USE ONLY | |
| I.D.# 50021257 | Instrument Number _____ County _____ | |
| | Deed Number _____ Book _____ Page _____ | |
| | Deed Dated _____ Date Recorded _____ | |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:
                              **STATE OF NEW JERSEY**
                              **PO BOX 251**
                              **TRENTON, NJ 08695-0251**
                              **ATTENTION: REALTY TRANSFER FEE UNIT**
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or
amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
**www.state.nj.us/treasury/taxation/lpt/localtax.shtml.**

**Promises by Grantor.**    The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. (Print name below each signature.)

Witnessed By:

**JANET CARGULIA QUALIFIED PERSONAL RESIDENCE TRUST**

**CONSTANCE CHRZANOWSKI,**
Trustee

**JANET CARGULIA QUALIFIED PERSONAL RESIDENCE TRUST**

**ANDREW CARGULIA,**
Trustee

**STATE OF NEW JERSEY)**
                                               **SS:**
**COUNTY OF** ⟨illegible⟩ )

I CERTIFY that on this ⟨illegible⟩ day of February, 2017, **CONSTANCE CHRZANOWSKI,** personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) was authorized to and did execute this Deed as Trustee of the Janet Cargulia Qualified Personal Residence Trust, the entity named in this Deed;
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5); and,
(d) executed this Deed as the act of the entity.

SUSAN BARAN
Notary Public
State of New Jersey
My Commission Expires Aug. 8, 2021

**STATE OF NEW JERSEY)**
**COUNTY OF** *Monmouth*) **SS:**

I **CERTIFY** that on this *25th* day of February, 2017, **ANDREW CARGULIA,** personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) was authorized to and did execute this Deed as Trustee of the Janet Cargulia Qualified Personal Residence Trust, the entity named in this Deed;
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5); and,
(d) executed this Deed as the act of the entity.

*Linda M. Schwartz*

```
LINDA M SCHWARTZ
Notary Public
State of New Jersey
My Commission Expires July 9, 2017
I.D.# 2289573
```

```
========================================================
```

# D E E D                                    : Dated: 2/25/2017

**CONSTANCE CHRZANOWSKI and**          : PLEASE RECORD AND RETURN TO:  RtR
**ANDREW CARGULIA, Trustees of the**   :
**Janet Cargulia Qualified Personal**  : Frank J. Crupi, Esquire
**Residence Trust**                    : Tucci Hot & Crupi, PC
        Grantor,              : 464 Broadway
TO                                     : P.O. Box 4065
                                       : Long Branch, NJ 07740

**MICHAEL A. CARGULIA**                :
        Single                :
                                       :
        Grantee.              :

```
========================================================
```



# Monmouth County Document Summary Sheet

| | |
|---|---|
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | Return Name and Address<br>Frank J. Crupi, Esq.<br>Tucci Hot & Crupi, PC<br>464 Broadway P.O. Box 4065<br>Long Branch, NJ 07740 |

**401H0G**

**Official Use Only**

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2017063709
RECORDED ON
Jul 06, 2017
2:46:07 PM
BOOK:OR-9234
PAGE:652
Total Pages: 10

COUNTY RECORDING FEES   $130.00
TOTAL PAID   $130.00

| Submitting Company | Tucci Hot & Crupi, PC |
|---|---|
| Document Type | Deed |

| | |
|---|---|
| Document Date (mm/dd/yyyy) | 02/24/2017 |
| No. of Pages of the Original Signed Document<br>(Including the cover sheet) | 9 |
| Consideration Amount (if applicable) | $10.00 |

JUN 2 6 2017  H                                   10

| First Party<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | Name(s)<br><span>(Last Name First Name Middle Initial Suffix)</span><br><span>(or Company Name as written)</span><br>Chrzanowski, Constance & Cargulia, Janet | Address (Optional) |
|---|---|---|
| Second Party<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | Name(s)<br><span>(Last Name First Name Middle Initial Suffix)</span><br><span>(or Company Name as written)</span><br>Cargulia, Michael A. | Address (Optional) |

| Parcel Information<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Holmdel | 9.04 | 17 | | 14 Burgundy Drive |

| Reference Information<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | | | | | |

*DO NOT REMOVE THIS PAGE.

DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF MONMOUTH COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

DBa 9234·652
L 7.6·17

EXHIBIT 1

Prepared By:

_FRANK J. CRUPI, ESQUIRE_

# D E E D

This Deed, made this 24th day of February, 2017,

**BETWEEN CONSTANCE CHRZANOWSKI and JANET CARGULIA, Trustees of the ANDREW CARGULIA QUALIFIED PERSONAL RESIDENCE TRUST,** having an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantor,"**

**AND**

**MICHAEL A. CARGULIA,** single, about to have an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantee."**

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of

**TEN DOLLARS AND NO CENTS
($10.00)**

and other good and valuable consideration. The Grantor hereby acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Tax Lot 17, Tax Block 9.04, on the official Tax Map of the Township of Holmdel, County of Monmouth, State of New Jersey.

Commonly known as 14 Burgundy Drive, Holmdel, New Jersey 07733.

**Property.** The Property consists of the land and all the buildings and structures on the land in the **Township of Holmdel,** of the **County of Monmouth** and **State of New Jersey,** being more particularly described as follows in Schedule "A" annexed hereto and made a part hereof.

**BEING** the same premises conveyed to Grantors herein by Deed dated August 30, 1996, recorded on May 5, 1997 in the Monmouth County Clerk's Office in Book DB-5598, Page 244.

**THIS** conveyance is made subject to municipal zoning ordinances, restrictions and easements of record, if any, and to such other state of facts as an accurate survey may disclose.

## SCHEDULE A DESCRIPTION

ALL that certain tract, lot, or parcel of land, lying and being in the Township of Holmdel, County of Monmouth, State of New Jersey, being more particularly described as follows:

BEING known and designated as Lot 17 Block 9.04 as shown on a certain map entitled, "The Vineyard at Holmdel, Section 1" filed in the Monmouth County Clerk's Office on November 23, 1988 as Case No.: 228-35.

BEGINNING at a point in the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running; thence,

(1) North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence,

(2) North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence,

(3) South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the northerly sideline of Burgundy Drive; thence,

(4) Along same on a curve to the left having a radius of 620.00 feet and an arc distance of 83.51 feet to a point; thence,

(5) Continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

ALSO known as Lot 17 in Block 9.04 on the Township of Holmdel Tax Map.

GIT/REP-3
(6-10)

State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

Constance Chrzanowski Trustee of the Andrew Cargulia Qualified Personal Residence Trust

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:

14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 50% | $10.00 | |

## SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to Residents and Non-residents)

1. [x] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   [ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| 6/19/2017 | |
|---|---|
| Date | Signature |
| | (Seller)  Please indicate if Power of Attorney or Attorney in Fact |

| | |
|---|---|
| Date | Signature |
| | (Seller)  Please indicate if Power of Attorney or Attorney in Fact |

GIT/REP-3
(6-10)



State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

### SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)

Janet Cargulia Trustee of the Andrew Cargulia Qualified Personal Residency Trust

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

### PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:

14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 50% | $10.00 | |

### SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to Residents and Non-residents)

1. [X] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file  a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot.  (CIRCLE THE APPLICABLE SECTION).  If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   [ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

### SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both.  I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.  By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

2/22/2017
Date

X _Janet Cargulia_
Signature
(Seller)  Please indicate if Power of Attorney or Attorney in Fact

_____
Date

_____
Signature
(Seller)  Please indicate if Power of Attorney or Attorney in Fact

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY

| FOR RECORDER'S USE ONLY | |
|---|---|
| Consideration | $ |
| RTF paid by seller | $ |
| Date | By |

}SS. County Municipal Code

COUNTY    Monmouth          1320

MUNICIPALITY OF PROPERTY LOCATION  Holmdel          *Use symbol "C" to indicate that fee is exclusively for county use.

(1) PARTY OR LEGAL REPRESENTATIVE (Instructions #3 and #4 on reverse side)

Deponent, _Constance Chrzanowski, Trustee_, being duly sworn according to law upon his/her oath,
                    (Name)
deposes and says that he/she is the _Grantor_ in a deed dated _February 25, 2017_ transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number _9.04_ Lot number _17_ located at

_14 Burgundy Drive, Holmdel_ and annexed thereto.
(Street Address, Town)

(2) CONSIDERATION $_____10.00_ (Instructions #1 and #5 on reverse side) [X] no prior mortgage to which property is subject.

(3) Property transferred is Class 4A  4B  4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:
(Instructions #5A and #7 on reverse side)
Total Assessed Valuation + Director's Ratio = Equalized Assessed Valuation

$_____ ÷ _____ % = $_____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in
excess of 100%, the assessed value will be equal to the equalized valuation.

(4) FULL EXEMPTION FROM FEE (Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
For consideration of less than $100.00

(5) PARTIAL EXEMPTION FROM FEE (Instruction #9 on reverse side)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and
General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A. [ ] SENIOR CITIZEN    Grantor(s) [ ] 62 years of age or over.*(Instruction #9 on reverse side for A or B)
B. { [ ] BLIND PERSON    Grantor(s) [ ] legally blind or; *
    [ ] DISABLED PERSON Grantor(s) [ ] permanently and totally disabled [ ] receiving disability payments [ ] not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all the following criteria:
[ ] Owned and occupied by grantor(s) at time of sale.         [ ] Resident of State of New Jersey.
[ ] One or two-family residential premises.                   [ ] Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C. [ ] LOW AND MODERATE INCOME HOUSING (Instruction #9 on reverse side)
[ ] Affordable according to H.U.D. standards.     [ ] Reserved for occupancy.
[ ] Meets income requirements of region.          [ ] Subject to resale controls.

(6) NEW CONSTRUCTION (Instructions #2, #10, #12 on reverse side)
[ ] Entirely new improvement.                    [ ] Not previously occupied.
[ ] Not previously used for any purpose.          [ ] "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES (Instructions #5, #12, #14 on reverse side)
[ ] No prior mortgage assumed or to which property is subject at time of sale.
[ ] No contributions to capital by either grantor or grantee legal entity.
[ ] No stock or money exchanged by or between grantor or grantee legal entities.

(8) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me                _(signature)_              Andrew Cargulia QPRT
this _20_ day of _June_, 20 17         Signature of Deponent              Grantor Name

14 Burgundy Drive, Holmdel, NJ          14 Burgundy Drive, Holmdel, NJ
                Deponent Address              Grantor Address at Time of Sale

**JOANNE MOROLLA-CAPUTO**
**NOTARY PUBLIC OF NEW JERSEY**          xxx-xxx- _893_
My Commission Expires Sept. 28, 2021     Last three digits in Grantor's Social Security Number    Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY | | |
|---|---|---|
| Instrument Number | County | |
| Deed Number | Book | Page |
| Deed Dated | Date Recorded | |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:  •  STATE OF NEW JERSEY
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or
amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
STATE OF NEW JERSEY
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

| | | FOR RECORDER'S USE ONLY |
|---|---|---|
| | }SS. County Municipal Code | Consideration    $ |
| COUNTY    Monmouth | 13 2 0 | RTF paid by seller    $ |
| | | Date_____ By_____ |

MUNICIPALITY OF PROPERTY LOCATION  Holmdel                               *Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** *(Instructions #3 and #4 on reverse side)*

Deponent,  Janet Cargulia, Trustee  , being duly sworn according to law upon his/her oath,
              (Name)

deposes and says that he/she is the _____Grantor_____ in a deed dated  February 25, 2017  transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  9.04                    Lot number  17                    located at

14 Burgundy Drive, Holmdel                                                and annexed thereto.
(Street Address, Town)

**(2) CONSIDERATION $**_____10.00_____ *(Instructions #1 and #5 on reverse side)* ☒ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A    4B    4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
*(Instructions #5A and #7 on reverse side)*
**Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

$_____ ÷ _____ % = $_____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in
excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
 For consideration of less than $100.00

**(5) PARTIAL EXEMPTION FROM FEE** *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and
General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A. ☐ SENIOR CITIZEN    Grantor(s) ☐ 62 years of age or over.*(Instruction #9 on reverse side for A or B)
B. ☐ BLIND PERSON    Grantor(s) ☐ legally blind or; *
    { DISABLED PERSON  Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

      Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
      ☐ Owned and occupied by grantor(s) at time of sale.        ☐ Resident of State of New Jersey.
      ☐ One or two-family residential premises.                  ☐ Owners as joint tenants must all qualify.

    *IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C. ☐ LOW AND MODERATE INCOME HOUSING *(Instruction #9 on reverse side)*
    ☐ Affordable according to H.U.D. standards.        ☐ Reserved for occupancy.
    ☐ Meets income requirements of region.             ☐ Subject to resale controls.

**(6) NEW CONSTRUCTION** *(Instructions #2, #10, #12 on reverse side)*
    ☐ Entirely new improvement.                    ☐ Not previously occupied.
    ☐ Not previously used for any purpose.          ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** *(Instructions #5, #12, #14 on reverse side)*
    ☐ No prior mortgage assumed or to which property is subject at time of sale.
    ☐ No contributions to capital by either grantor or grantee legal entity.
    ☐ No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me        X _Janet Cargulia_          Andrew Cargulia QPRT
this 25 day of May , 20 17                    Signature of Deponent            Grantor Name

_Frank J Crupi_                           14 Burgundy Drive, Holmdel, NJ        14 Burgundy Drive, Holmdel, NJ
                                              Deponent Address                Grantor Address at Time of Sale

**FRANK J. CRUPI**                          xxx-xxx- 001                 _____
**AN ATTORNEY AT LAW OF NEW JERSEY**   Last three digits in Grantor's Social Security Number   Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY |
|---|
| Instrument Number_____ County_____ |
| Deed Number_____ Book_____ Page_____ |
| Deed Dated_____ Date Recorded_____ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:
STATE OF NEW JERSEY
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or
amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

**Promises by Grantor.**    The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. (Print name below each signature.)

Witnessed By:

**ANDREW CARGULIA QUALIFIED PERSONAL RESIDENCE TRUST**

**CONSTANCE CHRZANOWSKI,**
Trustee

**ANDREW CARGULIA QUALIFIED PERSONAL RESIDENCE TRUST**

X **JANET CARGULIA,**
Trustee

**STATE OF NEW JERSEY)**
                                        **SS:**
**COUNTY OF** Ocean  )

I **CERTIFY** that on this 24 day of February, 2017, **CONSTANCE CHRZANOWSKI,** personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) was authorized to and did execute this Deed as Trustee of the Andrew Cargulia Qualified Personal Residence Trust, the entity named in this Deed;
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5); and,
(d) executed this Deed as the act of the entity.

**SUSAN BARAN**
Notary Public
State of New Jersey
Commission Expires Aug. 8, 2021

**STATE OF NEW JERSEY)**

**SS:**

**COUNTY OF** *Monmouth)*

**I CERTIFY** that on this 22nd day of February, 2017, **JANET CARGULIA**, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) was authorized to and did execute this Deed as Trustee of the Andrew Cargulia Qualified Personal Residence Trust, the entity named in this Deed;
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5); and,
(d) executed this Deed as the act of the entity.

DAWN M. MAHONEY
A Notary Public of New Jersey
My Commission Expires February 17, 2020

```
============================================================
```

**D E E D**                                   : Dated: _2/24/2017_
                                              :
**CONSTANCE CHRZANOWSKI and**                 : PLEASE RECORD AND RETURN TO: _R.J._
**JANET CARGULIA, Trustees of the**           :
**Andrew Cargulia Qualified Personal**        : Frank J. Crupi, Esquire
**Residence Trust**                           : Tucci Hot & Crupi, PC
                      Grantor,                : 464 Broadway
**TO**                                        : P.O. Box 4065
                                              : Long Branch, NJ 07740
**MICHAEL A. CARGULIA**                       :
                      Single                  :
                                              :
                      Grantee.                :

```
============================================================
```

*100*

## Monmouth County Document Summary Sheet

**402541**

| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | Return Name and Address<br>Frank J Crupi Esq.<br>464 Broadway<br>PO Box 406 Longbranch NJ 07740 |
|---|---|

| Official Use Only | | |
|---|---|---|
| | Submitting Company | Tucci Hot & Crupi, PC    (866) |
| | Document Type | Deed |

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2017075819
RECORDED ON
Aug 07, 2017
11:23:30 AM
BOOK:OR-9240
PAGE:2921
Total Pases: 7

COUNTY RECORDING   $100.00
FEES
TOTAL PAID        $100.00

| | |
|---|---|
| Document Date (mm/dd/yyyy) | 02/28/2017 |
| No. of Pages of the Original Signed Document<br>(Including the cover sheet) | 7 |
| Consideration Amount (if applicable) | $10.00 |

JUL 31 2017 KS    exempt    7

| | Name(s) | (Last Name First Name Middle Initial Suffix)<br><br>(or Company Name as written) | Address (Optional) |
|---|---|---|---|
| **First Party**<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | | Cargulia, Michael A. | |

| | Name(s) | (Last Name First Name Middle Initial Suffix)<br><br>(or Company Name as written) | Address (Optional) |
|---|---|---|---|
| **Second Party**<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | | Cargulia, Andrew & Cargulia, Janet | |

| | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| **Parcel Information**<br>(Enter up to three entries) | Holmdel | 9.04 | 17 | | 14 Burgundy Drive |
| | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
| **Reference Information**<br>(Enter up to three entries) | | | | | |

*DO NOT REMOVE THIS PAGE.*
*DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF MONMOUTH COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.*

DBCR 9240-2921
2-87-17

Prepared By:

FRANK J. CRUP, ESQUIRE

# D E E D

This Deed, made this 28th day of February, 2017,

**BETWEEN MICHAEL A. CARGULIA,** single, having an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantor,"**

**AND**

**ANDREW CARGULIA and JANET CARGULIA,** husband and wife, about to have an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantee."**

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of

### TEN DOLLARS AND NO CENTS
### ($10.00)

and other good and valuable consideration. The Grantor hereby acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Tax Lot 17, Tax Block 9.04, on the official Tax Map of the Township of Holmdel, County of Monmouth, State of New Jersey.

Commonly known as 14 Burgundy Drive, Holmdel, New Jersey 07733.

**Property.** The Property consists of the land and all the buildings and structures on the land in the **Township of Holmdel,** of the **County of Monmouth** and **State of New Jersey,** being more particularly described as follows in Schedule "A" annexed hereto and made a part hereof.

**BEING** the same premises conveyed to Grantor herein by Deeds dated February 25, 2017, recorded on July 6, 2017 in the Monmouth County Clerk's Office in Book OR-9234, Page 640 and dated February 24, 2017, recorded on July 6, 2017 in the Monmouth County Clerk's Office in Book OR-9234, Page 652.

**THIS** conveyance is made subject to municipal zoning ordinances, restrictions and easements of record, if any, and to such other state of facts as an accurate survey may disclose.

## SCHEDULE A DESCRIPTION

ALL that certain tract, lot, or parcel of land, lying and being in the Township of Holmdel, County of Monmouth, State of New Jersey, being more particularly described as follows:

BEING known and designated as Lot 17 Block 9.04 as shown on a certain map entitled, "The Vineyard at Holmdel, Section 1" filed in the Monmouth County Clerk's Office on November 23, 1988 as Case No.: 228-35.

BEGINNING at a point in the Northerly sideline of Burgundy Drive, said point being the most Easterly corner of Lot 18 as shown on above Filed Map and running; thence,

(1) North 46 degrees 16 minutes 00 seconds West, a distance of 287.06 feet to a point; thence,

(2) North 41 degrees 14 minutes 06 seconds East, a distance of 210.00 feet to a point; thence,

(3) South 38 degrees 36 minutes 41 seconds East, a distance of 303.18 feet to a point on the northerly sideline of Burgundy Drive; thence,

(4) Along same on a curve to the left having a radius of 620.00 feet and an arc distance of 83.51 feet to a point; thence,

(5) Continuing along same on a course of South 43 degrees 44 minutes 00 seconds West, a distance of 90.00 feet to the point and place of BEGINNING.

ALSO known as Lot 17 in Block 9.04 on the Township of Holmdel Tax Map.

GIT/REP-3
(6-10)

**State of New Jersey**
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (See Instructions, Page 2)**

Name(s)

Michael A. Cargulia

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:

14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $10.00 | |

**SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to Residents and Non-residents)**

1. [X] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot.  (CIRCLE THE APPLICABLE SECTION).  If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

[ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

_____7/24/7_____          _____Michael Cayue_____
Date                                    Signature
                                        (Seller) Please indicate if Power of Attorney or Attorney in Fact

_____          _____
Date                                    Signature
                                        (Seller) Please indicate if Power of Attorney or Attorney in Fact

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

COUNTY        Monmouth        } SS.   County Municipal Code   **1320**

| FOR RECORDER'S USE ONLY |
| --- |
| Consideration     $ |
| RTF paid by seller  $ |
| Date _____ By _____ |

MUNICIPALITY OF PROPERTY LOCATION  Holmdel

*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** *(Instructions #3 and #4 on reverse side)*

Deponent,   Michael Melchael A. Cargulla , being duly sworn according to law upon his/her oath,
                        (Name)

deposes and says that he/she is the        Grantor        in a deed dated  February 25, 2017        transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number 9.04 _____ Lot number  17 _____ located at

14 Burgundy Drive, Holmdel _____ and   annexed   thereto.
                            (Street Address, Town)

**(2) CONSIDERATION** $          10.00  *(Instructions #1 and #5 on reverse side)* [X] no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A    4B    4C  (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
*(Instructions #5A and #7 on reverse side)*
          **Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

$ _____ ÷ _____ % = $ _____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
For consideration of less than $100.00

**(5) PARTIAL EXEMPTION FROM FEE** *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) *only*. **ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED.** Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.  SENIOR CITIZEN   Grantor(s) [ ] 62 years of age or over.*(Instruction #9 on reverse side for A or B)
B.  { BLIND PERSON   Grantor(s) [ ] legally blind or; *
    { DISABLED PERSON  Grantor(s) [ ] permanently and totally disabled [ ] receiving disability payments [ ] not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
[ ] Owned and occupied by grantor(s) at time of sale.     [ ] Resident of State of New Jersey.
[ ] One or two-family residential premises.               [ ] Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.  LOW AND MODERATE INCOME HOUSING *(Instruction #9 on reverse side)*
[ ] Affordable according to H.U.D. standards.        [ ] Reserved for occupancy.
[ ] Meets income requirements of region.             [ ] Subject to resale controls.

**(6) NEW CONSTRUCTION** *(Instructions #2, #10, #12 on reverse side)*
[ ] Entirely new improvement.              [ ] Not previously occupied.
[ ] Not previously used for any purpose.   [ ] "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** *(Instructions #5, #12, #14 on reverse side)*
[ ] No prior mortgage assumed or to which property is subject at time of sale.
[ ] No contributions to capital by either grantor or grantee legal entity.
[ ] No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me, Jonathan Chambers
this  1st  day of   June  , 20 17

_X (signature) Michael Cargulla_             Michael A. Cargulla
Signature of Deponent                        Grantor Name

14 Burgundy Drive, Holmdel, NJ              14 Burgundy Drive, Holmdel, NJ
Deponent Address                            Grantor Address at Time of Sale

xxx-xxx- 175
Last three digits in Grantor's Social Security Number   Name/Company of Settlement Officer

JONATHAN JAMES CHAMBERS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20124070636
MY COMMISSION EXPIRES NOVEMBER 01, 2020

X (signature)

| FOR OFFICIAL USE ONLY |
| --- |
| Instrument Number_____ County_____ |
| Deed Number_____ Book_____ Page_____ |
| Deed Dated_____ Date Recorded_____ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:

**STATE OF NEW JERSEY
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT**

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

**Promises by Grantor.**    The Grantor promises that the Grantor has done no act to encumber the Property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.**  The Grantor signs this Deed as of the date at the top of the first page.  (Print name below each signature.)

Witnessed By:

MICHAEL A. CARGULIA,

STATE OF COLORADO)

                                                    SS:

COUNTY OF Jefferson )

I CERTIFY that on this 28 day of February , 2017, **MICHAEL A. CARGULIA**, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) executed this Deed as his or her own act; and,
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5.)

STACEY K RAMON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20084042886
MY COMMISSION EXPIRES 12/22/2020

# D E E D

**MICHAEL A. CARGULIA**


              Grantor,

TO

**ANDREW CARGULIA and
JANET CARGULIA**
          Husband and Wife


             Grantee.

: Dated: 2-/28/17
:
: PLEASE RECORD AND RETURN TO:
:
: Frank J. Crupi, Esquire
: Tucci Hot & Crupi, PC
: 464 Broadway
: P.O. Box 4065
: Long Branch, NJ 07740
:
:
:
:
:
:

=================================================================

# D E E D

| | |
|---|---|
| **MICHAEL A. CARGULIA** | : Dated: _2-/-8/17_ |
| | : |
| | : PLEASE RECORD AND RETURN TO: |
| | : |
| | : Frank J. Crupi, Esquire |
| | : Tucci Hot & Crupi, PC |
| Grantor, | : 464 Broadway |
| TO | : P.O. Box 4065 |
| | : Long Branch, NJ 07740 |
| **ANDREW CARGULIA and** | : |
| **JANET CARGULIA** | : |
| Husband and Wife | : |
| | : |
| Grantee. | : |

=================================================================

100

## Monmouth County Document Summary Sheet

 

| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | Return Name and Address<br>Frank J. Crupi, Esq.<br>Tucci Hot & Crupi, PC<br>464 Broadway P.O. Box 4065<br>Long Branch, NJ 07740 | <br>502546 |
|---|---|---|

| Official Use Only | | |
|---|---|---|
| CHRISTINE GIORDANO HANLON<br>COUNTY CLERK<br>MONMOUTH COUNTY, NJ | Submitting Company | Tucci Hot & Crupi, PC |
| | Document Type | Deed |
| INSTRUMENT NUMBER<br>2017097013<br>RECORDED ON<br>Oct 03, 2017<br>10:27:58 AM<br>BOOK:OR-9251<br>PAGE:8695<br>Total Pages: 7 | Document Date (mm/dd/yyyy) | 09/09/2017 |
| | No. of Pages of the Original Signed Document<br>(Including the cover sheet) | 7 |
| | Consideration Amount (If applicable) | $10.00 |
| COUNTY RECORDING   $100.00<br>FEES<br>TOTAL PAID      $100.00 | SEP 18 2017 /K/  exempt      SEP 2 6 2017 | 7 |

| | Name(s) | (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written) | Address (Optional) |
|---|---|---|---|
| First Party<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | | Cargulia, Andrew & Cargulia, Janet | |
| | Name(s) | (Last Name First Name Middle Initial Suffix)<br>(or Company Name as written) | Address (Optional) |
| Second Party<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | | Cargulia, Janet | |

| Parcel Information<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | Holmdel | 9.04 | 17 | | 14 Burgundy Drive |
| Reference Information<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
| | | | | | |

*DO NOT REMOVE THIS PAGE.
DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF MONMOUTH COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

DB on 9281-8695 w 10317

Prepared By:

FRANK J. CRUPI, ESQUIRE

# D E E D

This Deed, made this 9th day of September, 2017,

**BETWEEN ANDREW CARGULIA and JANET CARGULIA, husband and wife,** having an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantor,"**

**AND**

**JANET CARGULIA,** married, having an address at 14 Burgundy Drive, Holmdel, New Jersey 07733, hereinafter referred to as the **"Grantee."**

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of

**TEN DOLLARS AND NO CENTS
($10.00)**

and other good and valuable consideration. The Grantor hereby acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Tax Lot 17, Tax Block 9.04, on the official Tax Map of the Township of Holmdel, County of Monmouth, State of New Jersey.

Commonly known as 14 Burgundy Drive, Holmdel, New Jersey 07733.

**Property.** The Property consists of the land and all the buildings and structures on the land in the **Township of Holmdel**, of the **County of Monmouth** and **State of New Jersey,** being more particularly described as follows in Schedule "A" annexed hereto and made a part hereof.

**BEING** the same premises conveyed to Grantors herein by Deed dated February 28, 2017, recorded on August 7, 2017 in the Monmouth County Clerk's Office in Book OR-9240, Page 2921.

**THIS** conveyance is made subject to municipal zoning ordinances, restrictions and easements of record, if any, and to such other state of facts as an accurate survey may disclose.

GIT/REP-3
(6-10)



State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (See Instructions, Page 2)**

Name(s)

Andrew Cargulia and Janet Cargulia

Current Resident Address:

Street: 14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 9.04 | 17 | |

Street Address:

14 Burgundy Drive

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Holmdel | NJ | 07733 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $10.00 | |

**SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 8 apply to Residents and Non-residents)**

1. [X] I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. [ ] The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. [ ] I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. [ ] Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. [ ] Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. [ ] The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. [ ] The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   [ ] No non-like kind property received.

8. [ ] Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box [ ] I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| Date | Signature |
|---|---|
| 9/9/17 | Andrew Cargulia |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |
| 9/9/17 | Janet Cargulia |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

RTF-1*(Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

| | | FOR RECORDER'S USE ONLY |
|---|---|---|
| | | Consideration $ _____ |
| | SS. County Municipal Code | RTF paid by seller $ _____ |
| COUNTY   Monmouth | 1320 | Date _____ By _____ |
| MUNICIPALITY OF PROPERTY LOCATION Holmdel | | *Use symbol "C" to indicate that fee is exclusively for county use. |

**(1)** PARTY OR LEGAL REPRESENTATIVE *(Instructions #3 and #4 on reverse side)*

Deponent, ___Andrew Cargulia___, being duly sworn according to law upon his/her oath,
        **(Name)**

deposes and says that he/she is the ___Grantor___ in a deed dated _____ transferring
    **(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)**

real property identified as Block number __9.04__ Lot number __17__ located at

__14 Burgundy Drive, Holmdel__ and annexed thereto.
    **(Street Address, Town)**

**(2)** CONSIDERATION $_____10.00__ *(Instructions #1 and #5 on reverse side)* ☒ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A    4B    4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A)** REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:
*(Instructions #5A and #7 on reverse side)*
    Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation

    $_____ ÷ _____ % = $_____

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4)** FULL EXEMPTION FROM FEE *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
  Transfer between husband and wife

**(5)** PARTIAL EXEMPTION FROM FEE *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) *only*. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.   SENIOR CITIZEN   Grantor(s) ☐ 62 years of age or over.*(Instruction #9 on reverse side for A or B) .
B.   BLIND PERSON   Grantor(s) ☐ legally blind or; *
    DISABLED PERSON Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

  Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
  ☐ Owned and occupied by grantor(s) at time of sale.     ☐ Resident of State of New Jersey.
  ☐ One or two-family residential premises.     ☐ Owners as joint tenants must all qualify.

  *IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.   LOW AND MODERATE INCOME HOUSING *(Instruction #9 on reverse side)*
  ☐ Affordable according to H.U.D. standards.     ☐ Reserved for occupancy.
  ☐ Meets income requirements of region.     ☐ Subject to resale controls.

**(6)** NEW CONSTRUCTION *(Instructions #2, #10, #12 on reverse side)*
  ☐ Entirely new improvement.     ☐ Not previously occupied.
  ☐ Not previously used for any purpose.     ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7)** RELATED LEGAL ENTITIES TO LEGAL ENTITIES *(Instructions #5, #12, #14 on reverse side)*
  ☐ No prior mortgage assumed or to which property is subject at time of sale.
  ☐ No contributions to capital by either grantor or grantee legal entity.
  ☐ No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this __9th__ day of __Sept.__, 20 __17__

    _Andrew Cargulia_ (signature)
    Signature of Deponent     Andrew Cargulia
                  Grantor Name

    14 Burgundy Drive, Holmdel, NJ     14 Burgundy Drive, Holmdel, NJ
    Deponent Address     Grantor Address at Time of Sale

LINDA M. SCHWARTZ
Notary Public
State of New Jersey
My Commission Expires July 9, 2022

_Linda M. Schwartz_ (signature)

    xxx-xxx- 001
    Last three digits in Grantor's Social Security Number     Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY |
|---|
| Instrument Number _____ County _____ |
| Deed Number _____ Book _____ Page _____ |
| Deed Dated _____ Date Recorded _____ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:
    **STATE OF NEW JERSEY**
    **PO BOX 251**
    **TRENTON, NJ 08695-0251**
    **ATTENTION: REALTY TRANSFER FEE UNIT**

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
**www.state.nj.us/treasury/taxation/lpt/localtax.shtml.**

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY

| | | FOR RECORDER'S USE ONLY |
|---|---|---|
| | } SS. County Municipal Code | Consideration    $ |
| COUNTY    Monmouth | 1320 | RTF paid by seller  $ |
| | | Date_____  By_____ |

MUNICIPALITY OF PROPERTY LOCATION  Holmdel

*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** *(Instructions #3 and #4 on reverse side)*

Deponent,  Janet Cargulia  , being duly sworn according to law upon his/her oath,
                                  (Name)

deposes and says that he/she is the  Grantor  in a deed dated  9/9/2017  transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  9.04  Lot number  17  located at

14 Burgundy Drive, Holmdel  and annexed thereto.
                (Street Address, Town)

**(2) CONSIDERATION $**  10.00  *(Instructions #1 and #5 on reverse side)* ☒ no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A   4B   4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
*(Instructions #5A and #7 on reverse side)*
    **Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

    $_____ ÷ _____ % = $_____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** *(Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
Transfer between husband and wife

**(5) PARTIAL EXEMPTION FROM FEE** *(Instruction #9 on reverse side)*
NOTE: All boxes below apply to grantor(s) *only*. **ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED.** Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.    **SENIOR CITIZEN**    Grantor(s) ☐ 62 years of age or over.* *(Instruction #9 on reverse side for A or B)*
B.    **BLIND PERSON**     Grantor(s) ☐ legally blind or; *
        **DISABLED PERSON** Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

        Senior citizens, blind persons, or disabled persons must also meet **all** of the following criteria:
        ☐ Owned and occupied by grantor(s) at time of sale.    ☐ Resident of State of New Jersey.
        ☐ One or two-family residential premises.            ☐ Owners as joint tenants must all qualify.

    *IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.    **LOW AND MODERATE INCOME HOUSING** *(Instruction #9 on reverse side)*
        ☐ Affordable according to H.U.D. standards.    ☐ Reserved for occupancy.
        ☐ Meets income requirements of region.        ☐ Subject to resale controls.

**(6) NEW CONSTRUCTION** *(Instructions #2, #10, #12 on reverse side)*
        ☐ Entirely new improvement.             ☐ Not previously occupied.
        ☐ Not previously used for any purpose.   ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** *(Instructions #5, #12, #14 on reverse side)*
        ☐ No prior mortgage assumed or to which property is subject at time of sale.
        ☐ No contributions to capital by either grantor or grantee legal entity.
        ☐ No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me                 _Janet Cargulia_         Janet Cargulia
this  9th  day of  Sept.  , 20 17              (Signature of Deponent)         Grantor Name

        LINDA M. SCHWARTZ              14 Burgundy Drive, Holmdel, NJ    14 Burgundy Drive, Holmdel, NJ
          Notary Public                     Deponent Address            Grantor Address at Time of Sale
        State of New Jersey
    My Commission Expires July 9, 2022     XXX-XXX- _166_
                                       Last three digits in Grantor's Social Security Number    Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY | |
|---|---|
| Instrument Number_____ County_____ | |
| Deed Number_____ | Book_____ Page_____ |
| Deed Dated_____ | Date Recorded_____ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:
                                            STATE OF NEW JERSEY
                                            PO BOX 251
                                            TRENTON, NJ 08695-0251
                                ATTENTION: REALTY TRANSFER FEE UNIT

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
                                    www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

**Promises by Grantor.**    The Grantor promises that the Grantor has done no act to encumber the Property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.**  The Grantor signs this Deed as of the date at the top of the first page.  (Print name below each signature.)

Witnessed By:

_____                    _____
                                                                    **ANDREW CARGULIA**

_____                    _____
                                                                    **JANET CARGULIA**

**STATE OF NEW JERSEY)**
                                        **SS:**
**COUNTY OF MONMOUTH)**

**I CERTIFY** that on this *9th* day of *September*, 2017, **ANDREW CARGULIA and JANET CARGULIA**, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of this Deed;
(b) executed this Deed as his or her own act; and,
(c) made this Deed for $10.00 as the full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A. 46:15-5).

_____

LINDA M. SCHWARTZ
Notary Public
State of New Jersey
My Commission Expires July 9, 2022

==================================================================

# D E E D

: Dated: _9-9-17_
:
**ANDREW CARGULIA and** : PLEASE RECORD AND RETURN TO
**JANET CARGULIA** :
                    Husband and Wife : Frank J. Crupi, Esquire
                                     : Tucci Hot & Crupi, PC
                    Grantor, : 464 Broadway
TO : P.O. Box 4065
                                     : Long Branch, NJ 07740
                                     :
**JANET CARGULIA** :
             Married :
                                     :
                    Grantee. :

==================================================================

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Andrew Carguila, Janet Cargulia, and Columbia Bank | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Andrew Cargulia
14 Burgundy Drive
Holmdel, New Jersey 07733

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Nelson Wagner, U.S. Department of Justice
P.O. Box 227
Washington, DC, 20044
(202) 616-3369

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. |
| Andrew Carguila, Janet Cargulia, and Columbia Bank | ) |
| | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Janet Cargulia
14 Burgundy Drive
Holmdel, New Jersey 07733

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Nelson Wagner, U.S. Department of Justice
P.O. Box 227
Washington, DC, 20044
(202) 616-3369

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| United States of America | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Andrew Carguila, Janet Cargulia, and Columbia Bank | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   COLUMBIA BANK
19-01 Route 208 North
Fair Lawn, NJ  07410


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Nelson Wagner, U.S. Department of Justice
P.O. Box 227
Washington, DC, 20044
(202) 616-3369


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nelson Wagner, U.S. Department of Justice Tax Division
P.O. Box 227, Washington, D.C. 20044
(202) 616-3369

## DEFENDANTS

Andrew Cargulia, Janet Cargulia, and Columbia Bank.

County of Residence of First Listed Defendant   Monmouth
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7602
Brief description of cause:
Suit to reduce unpaid federal tax assessments to judgment and foreclose.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/01/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nelson Wagner

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____